UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THEODORE HUMINSKI,                      :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :       CASE NO.  3:16cv1136(RNC)
                                        :
THE STOP & SHOP SUPERMARKET             :
COMPANY,                                :
                                        :
        Defendant.                      :


RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff brings this action against his former employer alleging race and age discrimination and retaliation in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60. Pending before the court is the plaintiff's motion to compel.[1] (Doc. #28.) The court heard oral argument on June 15, 2017. The motion is granted in part and denied in part as follows:

1. Request for Production 17: During oral argument, counsel stated that the parties had resolved this request except as to one individual, Juliette Sabo. As to Sabo, the request is granted in part and denied in part. The defendant shall produce any documents that mention or concern (1) this case; (2) the plaintiff, Megan Moore, Britney Roach, Austin Watkins, or Julie Pinard; and

_____

[1]U.S. District Judge Robert N. Chatigny referred the motion to the undersigned. See doc. #29.

(3) Sabo's dishonesty, misconduct, reprimands, and/or discipline.

2.    Interrogatory 2 and Requests for Production 4 and 14:  During oral argument, the plaintiff reformulated and significantly narrowed the requests to seek complaints of retaliation or discrimination on the basis of age or race in the past 5 years involving the same decisionmakers as in this case.  The defendant objects on the grounds of undue burden and relevance.

The defendant stated during oral argument that responding to the requests would be unduly burdensome because the responsive information is stored offsite and is not maintained on an electronic database that can be searched.[2]  "Under well-settled law, the party resisting production bears the responsibility of establishing undue burden." Michanczyk v. Metropolitan Life Ins. Co., No. 3:05CV1903, 2007 WL 926911, at *2 (D. Conn. Mar. 26, 2007).  The defendant has made no showing as to the nature and extent of the actual burden it would face in responding to the plaintiff's requests.  See, e.g., In re Application of Bloomfield Inv. Res. Corp., 315 F.R.D. 165, 168 (S.D.N.Y. 2016) (overruling burdensomeness objection where objecting party did not "present particularized evidence in their briefing that production of the . . . records would be unduly burdensome or costly, such as an affidavit of a person with knowledge of the record keeping system explaining in detail the basis of the objection"); Schiavone v.

_____

[2]This argument was not made in the defendant's brief.

<u>Northeast Utilities Serv. Co.</u>, No. 3:08CV429, 2010 WL 382537, at *1 (D. Conn. Jan. 27, 2010)("a party objecting to a discovery request on the grounds that the information sought is unduly burdensome must go beyond the familiar litany that requests are burdensome, oppressive or overly broad and submit affidavits or other evidence revealing the nature of the burden."); <u>In re In-Store Advertising Sec. Lit.</u>, 163 F.R.D. 452, 455 (S.D.N.Y. 1995) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence."). The defendant's burdensomeness objection is overruled.

The defendant also argues that information regarding prior complaints is not relevant. The plaintiff contends that the information is relevant to the defendant's motive and intent and to the plaintiff's argument that the defendant's reasons for firing him were pretextual. The court agrees. "Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive." <u>Moll v. Telesector Res. Grp., Inc.</u>, 760 F.3d 198, 204 (2d Cir. 2014) (quoting <u>Hollander v. Am. Cyanamid Co.</u>, 895 F.2d 80, 84 (2d Cir. 1990)). <u>See</u> <u>Lieberman v. Gant</u>, 630 F.2d 60, 69 (2d Cir. 1980)("Evidence of general patterns of discrimination by an employer is relevant even in an individual disparate treatment

case."); <u>Carter v. Logan Bus Co.</u>, No. 15CIV5217ENVJO, 2016 WL 5231800, at *2 (E.D.N.Y. Sept. 21, 2016) (affirming magistrate judge's order requiring discovery concerning other employees and noting that "[d]efendants seem to confuse pattern-or-practice discrimination claims, which are not at issue in this case, . . . with the routine use of circumstantial evidence of a pattern of discrimination to support an individual disparate treatment claim, <u>see</u> <u>Hollander</u>, 895 F.2d at 84-85."); <u>Sasikumar v. Brooklyn Hosp. Ctr.</u>, No. 09 CV 5632, 2011 WL 1642585, at *3 (E.D.N.Y. May 2, 2011) (holding that "courts in this circuit have repeatedly found similar complaints of discrimination by corporate employers to be relevant and discoverable" and granting motion to compel defendant to produce complaints by employees of defendant's nursing department alleging discrimination and/or retaliation based on national origin, race, color or age for the years 2001 to 2005); <u>Culkin v. Pitney Bowes, Inc.</u>, 225 F.R.D. 69, 71 (D. Conn. 2004) ("Evidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case and is therefore discoverable pursuant to Fed. R. Civ. P. 26(b)(1).")

3.   The plaintiff seeks the ages and race of employees listed on two documents (SS01169 and SS01128-29).   The motion is granted.

4.   The plaintiff's request for fees and costs is denied.   Where, as here, a motion to compel is granted in part and denied in part, the court has discretion to apportion fees.   <u>See</u> Fed. R. Civ. P.

37(a)(5)(C). In this case, each party should bear its respective motion costs and fees. See Mayo-Coleman v. Am. Sugar Holding, Inc., No. 14CV0079(PAC)(KNF), 2016 WL 7378767, at *1 (S.D.N.Y. Nov. 16, 2016) (declining to award of attorneys' fees where motion to compel only partially successful); MASTR Adjustable Rate Mortgages Trust 2006-OA2 v. UBS, Real Estate Securities Inc., No. 12 Civ. 7322(HB)(JCF), 2013 WL 5437354, at *2 (S.D.N.Y. Sept. 27, 2013) ("when motion is granted in part and denied in part, award of expenses is discretionary"); Pegoraro v. Marrero, 281 F.R.D. 122, 134 (S.D.N.Y. 2012) (declining to award fees).

SO ORDERED at Hartford, Connecticut this 27th day of June, 2017.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge